**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                          No. 99-4633

HARVEY LEE MOXLEY, a/k/a Sandy,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-98-68-V)

Submitted: February 16, 2001

Decided: March 15, 2001

Before LUTTIG and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

R. Deke Falls, LAW OFFICE OF HAROLD J. BENDER, Charlotte, North Carolina, for Appellant. Robert Jack Higdon, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Harvey Lee Moxley appeals from his conviction, pursuant to his plea agreement, of conspiracy to distribute powder and crack cocaine in violation of 21 U.S.C. § 846 (1994); Moxley received a sentence of 240 months in prison, five years of supervised release, and a $100 special assessment. Moxley's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), asserting ineffective assistance of counsel claims, but concluding that the claims lack merit. Although Moxley was notified of his right to file a pro se supplemental brief, he did not do so within the designated time limit. We have reviewed the claims asserted by counsel and conclude they lack merit. Because the record on appeal does not conclusively demonstrate that Moxley received ineffective assistance of counsel, any claim of ineffective assistance of counsel should be raised in a motion filed pursuant to 28 U.S.C.A. § 2255 (West Supp. 2000), rather than on direct appeal. We therefore affirm Moxley's conviction and sentence.

After the briefing period expired, Moxley filed a motion to file a supplemental brief concerning the impact of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), on his appeal. Because Moxley could have asserted this claim before the briefing period expired and because we conclude that *Apprendi* does not affect his sentence in any case, we deny his motion. We note that though drug quantity was not submitted to a jury, Moxley stipulated that 1.5 kilograms of cocaine base was attributable to him. Because his twenty-year sentence did not exceed the applicable statutory maximum, *see* 21 U.S.C. § 841(b)(1)(A) (1994), we find no error. *See United States v. Kinter*, 235 F.3d 192, 199 (4th Cir. 2000). Neither was there any error under *Apprendi* in the court's imposition of a five-year term of supervised release. *See United States v. Pratt*, ___ F.3d ___, 2001 WL 101457, at *6-*7 (4th Cir. Feb. 7, 2001) (No. 99-4424).

Pursuant to *Anders*, we have reviewed the record, including transcripts of Moxley's Fed. R. Crim. P. 11 hearing and his sentencing hearing, for potential error and have found none. Therefore, we affirm Johnson's conviction and sentence. This court requires counsel to inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*